UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MCNICKLES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3129 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on Petitioner Carlos McNickles' Petition for Writ of Habeas Corpus and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the Petition, the motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Davis' motion should be granted, and McNickles' Petition for Writ of Habeas Corpus should be DENIED.

**I.  Background**

McNickles brings this petition to challenge the results of a prison disciplinary hearing. McNickles was charged with the prison disciplinary offense of possessing a cell phone in a correctional facility. A Texas Department of Criminal Justice Officer stated that saw McNickles in possession of a cell phone in his cell, but McNickles flushed the phone down the toilet when ordered to hand it over. *See* Disciplinary Hearing Record ("DHR" (Dkt. No. 9-2) at 3-5.

The officer filed a report and testified. The evidence also included a photograph of the back of a cell phone that was found in McNickles' cell. *See* DHR. McNickles was found guilty, and his punishment was assessed at the loss of 45 days commissary privileges, 45 days of cell restriction, reduction in line class from L2 to L3, and loss of 364 days of accrued good time credit.

McNickles filed Step 1 and Step 2 grievances, both of which were denied. He filed this petition on October 12, 2016. Lorie Davis moved for summary judgment on February 23, 2017. McNickles did not respond to the motion.

## II. Analysis

McNickles argues that the evidence was insufficient to support the finding that he possessed the cellphone. He argues that prison authorities should have retrieved the phone from the filtering system to prove that he flushed it down the toilet.

"Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [hearing officer.]

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985).

The evidence presented at McNickles' hearing included testimony and a written report by the Officer who found McNickles with the phone, and a photograph of the back of the phone, which was found in McNickles' cell. Obviously, this is some evidence, and it is sufficient to support the finding of guilt.

## III. Conclusion

For the foregoing reasons, McNickles fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

## IV. Certificate of Appealability

McNickles has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered McNickles' claim. The Court finds that the claim is foreclosed by clear, binding precedent. This Court concludes that under such precedents, McNickles has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that McNickles is not entitled to a certificate of appealability.

## V. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' motion for summary judgment (Dkt. No. 8) is GRANTED;

B. Petitioner Carlos McNickles' Petition for Writ of Habeas Corpus (Dkt. No. 1) is in all respects DENIED; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 22nd day of August, 2017.

_____
Kenneth M. Hoyt
United States District Judge